**Hattie SPRIGGS, Plaintiff,**

v.

**RAY ORR AUTO SALES, INC., Defendant.**

No. 78–801C(3).

United States District Court, E. D. Missouri, E. D.

Dec. 23, 1980.

Michael Ferry, Richard B. Teitelman, Gayle C. Williams, Legal Services of Eastern Mo., St. Louis, Mo., for plaintiff.

Roger M. Hibbits, Clayton, Mo., for defendant.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court for a decision on the merits after trial to the Court of plaintiff's claim that defendant has violated the Truth-in-Lending Act (Act), 15 U.S.C. § 1601 *et seq.* After consideration of the pleadings, the stipulations and the matters introduced at trial, and the briefs of the parties, the Court hereby enters the following findings of fact and conclusions of law in accordance with Fed.R. Civ.P. 52:

## FINDINGS OF FACT

Plaintiff, Hattie Spriggs, is a natural person and a citizen of the United States, residing in the City of St. Louis, Missouri.

At all relevant times the defendant, Ray Orr Auto Sales, Inc., was a Missouri corporation existing and operating under the laws of the State of Missouri. At all relevant times, defendant, in the ordinary course of business, sold automobiles to its customers and regularly extended consumer credit payable by agreement in more than four installments in connection with its sales.

On or about September 9, 1977, plaintiff and defendant entered into a retail installment contract for the purchase by plaintiff of a 1968 Ford Station Wagon, vehicle identification number G76Y162706, from defendant. Plaintiff purchased the vehicle for her personal use. At the time of entering into the contract, plaintiff delivered to defendant a 1966 Chevrolet. The contract showed a cash price of $535.00 and a cash down payment of $150.00, leaving an unpaid balance of $385.00. There was no trade-in allowance, and no other charges were listed. Payment was to be made in 11 consecutive bi-weekly installments of $35.00 each, commencing on September 23, 1977, and continuing on the same day every other week thereafter. There was no finance charge imposed in the transaction. The spaces for showing the finance charge and the annual percentage rate were completed "n/a."

The following notation was stamped across the face of the contract, extending between the printed provisions relating to insurance and the provisions relating to the price: "Insurance Required Under This Contract: Comprehensive, Fire, Theft and Collision with Loss Payable Clause." This notation was not placed in such a position that it would distract the plaintiff from information required to be disclosed by the Act and related regulations, nor did it obscure such information. The printed words underneath the stamped notation were perfectly legible and the notation did not cover any of the figures. Nor would the stamped notation mislead by any implication that the required insurance was to be bought from the defendant.

The terms "FINANCE CHARGE" and "ANNUAL PERCENTAGE RATE" were printed more conspicuously on the contract than the other terminology relating to the purchase price, down payment and charges involved in the transaction.

**118**

## CONCLUSIONS OF LAW

The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640(e). Defendant is a "creditor" within the scope of the Act because it regularly extends consumer credit which is payable by agreement in more than four installments. 15 U.S.C. § 1602(f).

 Plaintiff's trial brief discusses three violations of the Act alleged to appear on the contract at issue. First, plaintiff contends that the stamped notation was misleading and that it obscured required disclosures, in violation of 12 C.F.R. § 226.6(c). The same contentions were presented in *Crystel Crosby v. Ray Orr Auto Sales, Inc.*, No. 79–266C(1) (E.D.Mo., December 18, 1979), concerning a contract which was identical in relevant part to that of the case at bar except for the precise location of the stamped notation. The Honorable H. Kenneth Wangelin rejected the allegation that the printed notation was misleading, and this Court does also. Moreover, as noted above, the printed notation does not obscure required words and does not cover any of the required figures. Defendant did not violate 12 C.F.R. § 226.6(c).

Plaintiff next contends that the payment schedule was ambiguous, in violation of 12 C.F.R. § 226.8(b)(3). However, as noted above, the contract clearly listed the number, amount and "total of payments." It further stated that bi-weekly payments were to commence on "9–23–77 with subsequent installments on the same day every other week thereafter." Although the term "bi-weekly" may of itself be ambiguous, the Court finds that the remainder of the sentence adequately specified the due dates of payments. Defendant did not violate 12 C.F.R. § 226.8(b)(3).

Finally, plaintiff contends that defendant violated 12 C.F.R. § 226.6(a) in using the symbol "n/a" in place of "0" or "0.00" for the finance charge and annual percentage rate. However, use of the symbol "N/A" is acceptable in place of a figure where the annual percentage rate does not exceed the amounts prescribed in 12 C.F.R.

§ 226.8(b)(2)(i) and (ii), [1974–1977 Transfer Binder, Truth-in-Lending Special Releases —Correspondence] Cons.Cred. Guide (CCH) ¶ 31,138 (1974) (excerpts from Federal Reserve Board Letter), which is obviously the case when the annual percentage rate is zero. There was no evidence that the plaintiff did not understand the symbol "n/a." Defendant did not violate 12 C.F.R. § 226.-6(a).

The Court finds that there was no evidence to support the remaining allegations of plaintiff's complaint which were not discussed in plaintiff's trial brief.

Accordingly, judgment will be entered for defendant.